# UNITED STATES BANKRUPTCY COURT
## THE DISTRICT OF NEW JERSEY, DISTRICT OF CAMDEN

| | |
|---|---|
| IN RE<br>MICHAEL WARNER | :<br>:<br>: Chapter 7<br>:<br>: Case No.: 03-48491-JHW<br>:<br>-----------------------------------: Adversary Proceeding No.<br>Balmoral Financial Corporation :<br>Plaintiff/Creditor :<br>:<br>v. :<br>:<br>Michael Warner, :<br>:<br>Defendant/Debtor : |

## COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)

Plaintiff, Balmoral Financial Corporation ("Balmoral"), by and through its attorney, Laura B. Taylor, brings this action against the Debtors and Defendant, Michael Warner ("Debtor"), seeking a determination that certain debts owed by the Debtor to Plaintiff are nondischargeable pursuant to 11 U.S.C. §523 and for other relief. In support of its complaint, Plaintiff states, alleges and complains as follows:

### INTRODUCTION

1. The Debtor filed a voluntary chapter 7 petition on November 26, 2003.

2. Plaintiff files this complaint seeking to except from discharge certain debts pursuant to 11 U.S.C. §§523(a)(2) and 523(a)(4).

### JURISDICTION AND VENUE

3. This adversary proceeding arises in the case of Michael Warner and Dana Warner, No. 03-48491-JHW, now pending in this Court under Chapter 7 of Title 11 of the United States Code. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §523. This is a core proceeding under 28 U.S.C. §157(b)(2)(I).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1409, as this proceeding arises under Title 11 in a case pending in this Court.

## DESCRIPTION OF THE PARTIES

5. Plaintiff, Balmoral Financial Corporation, is a California corporation with its principal place of business in San Mateo County, California.

6. Defendant, Michael Warner, resides in New Jersey at 1718 Kings Highway, Swedesboro, New Jersey.

7. At all times relevant herein, Debtor, Michael Warner ("Warner") was an officer of J.C. Bennington Company, Inc., ("Bennington") a Delaware corporation authorized to and doing business in the State of Delaware.

## STATEMENT OF THE FACTS

8. On or about August 7, 2000, Balmoral and Bennington signed and executed an agreement for purchase of accounts (the "Bennington Agreement"), whereby Balmoral, for valuable consideration, purchased accounts receivable of Bennington ("Receivables").

9. A true and correct copy of the Loan and Security Agreement is attached hereto and incorporated herein as Exhibit A.

10. Pursuant to the Loan and Security Agreement, Bennington granted Balmoral a blanket security interest in all of its assets to secure all of Bennington's existing and future obligations to Balmoral. This security interest was perfected pursuant to a UCC-1 Financing Statement filed with the Secretary of State for the State of California. A true and correct copy of the UCC-1 Financing Statement is attached hereto and incorporated herein as Exhibit B.

11. Defendant Michael Warner was responsible for gathering and transmitting the financial information required to be sent from Bennington to Balmoral under the terms of the Bennington Agreement, known as reconciliation reports. Defendant falsified the reconciliation reports from at least June 2001 to January 2002. He spoke regularly to representatives of Balmoral and misrepresented the financial condition of Bennington throughout the same period.

12. Balmoral has performed all of its obligations under the various agreements, including, without limitation providing funding to Bennington.

13. Balmoral is informed and believes and thereon declares that Defendant Michael Warner has converted Balmoral's collateral by selling inventory and equipment outside the ordinary course of business, misrepresenting the validity of receivables, and by willfully soliciting account debtors to pay Bennington directly, even after Balmoral had provided notice of assignment.

14. The terms of the various agreements provide that Bennington will pay to Balmoral all costs and attorneys' fees incurred by Balmoral in the event an action is filed to collect amounts owed under the various agreements. Balmoral has retained various law firms to prosecute various actions and has incurred, and will continue to incur, attorneys' fees and legal costs and Balmoral hereby requests an award of such legal costs and attorneys' fees in addition to all other amounts owed under the various agreements.

15. During January 2002 the Debtor represented to Plaintiff that he agreed to the orderly liquidation of Bennington and to work with Plaintiff to reconcile the account receivables. This representation induced Plaintiff to forbear in immediately foreclosing upon Bennington's assets. Thereafter, the Debtor sold Bennington's assets without Plaintiff's consent. Because of the delay, Plaintiff lost the opportunity to foreclose on the most valuable parts of Bennington's inventory, which Debtor converted to his use.

16. The principal amount due and owing Four Hundred Seventy Nine Thousand Six Hundred Eighty Six Dollars and Twenty Nine Cents ($479,686.29), plus fees at the contractual rate.

## COUNT ONE

### The Debtor Obtained Money, Property, and Services by False Pretenses, False Representations or actual Fraud

17. Balmoral realleges and incorporates herein by this reference each and every paragraph of this Complaint as though fully set forth herein.

18. Pursuant to 11 U.S.C. §523(a)(2)(A), an individual debtor may not be discharged from any debt obtained by false pretenses, a false representation, or actual fraud, other than a

3

statement respecting the debtor's or an insider's financial condition. Pursuant to 11 U.S.C. §523(a)(2)(B), an individual debtor may not be discharged from any debt obtained by the use of a statement in writing, that is materially false, respecting the debtor's financial condition, on which the creditor relied, that the debtor made with intent to deceive.

19. Debtors misrepresentations to Balmoral in the Loan and Security Agreement, as described above, concerning Bennington's financial condition, including assets, liabilities, and income (collectively, the "Financial Misrepresentations"), were materially false.

20. The Financial Misrepresentations were made with an intent to deceive Plaintiff.

21. The Financial Misrepresentations did actually deceive Plaintiff and induced Plaintiff to grant a loan to Debtor and to extend inventory financing to Debtor.

22. Plaintiff actually and justifiably relied upon the Financial Misrepresentations.

23. But for the Financial Misrepresentations, Plaintiff would not have granted Debtor a loan for the inventory and equipment and would not have extended the related financing to Debtor.

24. The Financial Misrepresentations constitute the "use of a statement in writing, that is materially false, respecting the Debtors financial condition, on which the creditor relied, that the Debtor made with an intent to deceive."

25. Accordingly, the debt owed by Debtor to Plaintiff is nondischargeable under 11 U.S.C. §§523(a)(2)(A) and 523(a)(2)(B).

## COUNT TWO

### The Debtor Committed Fraud or Defalcation While Acting In a Fiduciary Capacity

26. Plaintiff realleges and incorporates into this Cause of Action each and every foregoing paragraph of this Complaint as though fully set forth herein.

27. Pursuant to 11 U.S.C. §523(a)(4), an individual Debtor may not be discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."

28. Michael Warner was responsible for administering the Loan & Security Agreement and expressly warranting that all of the Bennington Receivables were genuine and valid, reflected the amount owing by the customer, and were not subject to any defense, offset, credits, deductions or

contra-charge. Michael Warner represented to Balmoral that Bennington would refund all sums disbursed to Bennington as consideration for the purchase of the Receivables if any portion of any invoice was not paid by the account debtor after ninety days, plus Balmoral's earned fee. He further represented that if for any reason the invoice was paid directly to Bennington, Bennington would promptly notify Balmoral of such payment, would hold any checks, drafts or monies so received in trust for Balmoral and promptly endorse, transfer and deliver the same to Balmoral. These representations were in fact false as, among other things, Defendant failed to forward to Balmoral the amounts received from account debtors and refused to refund the sums Balmoral paid as consideration for the purchase for the Receivables. When Defendant made these false and misleading statements, Defendant knew the representations to be false.

29. Debtor made these representations with the intent to defraud Balmoral by inducing Balmoral to loan money under the Loan & Agreement, purchase the Bennington Receivables and make the necessary disbursements to Bennington as required by the Bennington Loan & Security Agreement.

30. Debtor has dissipated the operating cash of Bennington for the payment of personal obligations, leaving it insolvent and unable to service its debt to Plaintiff. Debtor has converted Plaintiff's collateral by misrepresenting the due date of receivables financed by and assigned to Plaintiff, issuing credit memos without Plaintiff's knowledge or permission and misrepresenting the validity of receivables, so that Plaintiff is unsure of what, if any, receivables actually will be paid.

31. As an actual and proximate result of the intentional breach of fiduciary duty and misrepresentations, Plaintiff has suffered direct and consequential damages, in that Plaintiff justifiably relied on the misrepresentations made by Debtor and suffered damages as a result.

32. As an actual and proximate result of the intentional breach of fiduciary duty, Plaintiff has suffered direct and consequential damages.

## COUNT THREE

**The Debtor has failed to turn over to Balmoral its collateral pursuant to the Loan and Security Agreement.**

33. Plaintiff realleges and incorporates into this Cause of Action each and every foregoing paragraph of this Complaint as though fully set forth herein.

34. Defendant stopped the orderly liquidation of Bennington in January 2002 by ordering Balmoral representatives off Bennington's premises and changing the locks. Defendant was responsible for retaining Thomas Crompton who assisted Defendant and others in selling the remaining assets of Bennington and retaining and refusing and failing to account for the proceeds.

35. Balmoral claims it is entitled to a finding of nondischargeability under 523(a)(6) because Defendant failed to turn over proceeds from the sale of the collateral as required by the Agreement.

36. Bennington became in default of the Loan and Security Agreement.

37. Balmoral has a prior perfected security interest in the collateral identified under the UCC-1 Financing Statement. Furthermore, Balmoral has an immediate right to possession of its collateral under the Loan and Security Agreement upon a default.

38. Balmoral believes the Defendant has transferred certain assets subject to Balmoral's security interest for his own benefit.

39. The transferred assets were subject to the perfected interest of Balmoral. At no time has Balmoral granted its consent to the transfer of secured collateral.

40. Defendant has wrongfully taken and disposed of secured collateral subject to the prior perfected security interest of Balmoral with substantial certainty that Balmoral would suffer injury as a result.

41. Defendant willfully and maliciously converted Plaintiff's property when Defendant failed to account for the whereabouts of the collateral that was secured by Plaintiff under the Agreement.

42. Defendant has failed and refused and continues to fail and refuse to pay over to

6

Balmoral the collateral and proceeds of the collateral, and has converted such amount to his own use.

43. Balmoral has suffered direct and consequential damages as a result of the conversion of its collateral in an amount no less than Four Hundred Seventy Nine Thousand Six Hundred Eighty Six Dollars and Twenty Nine Cents ($479,686.29), plus fees at the contractual rate.

WHEREFORE, Plaintiff Balmoral prays for judgment against Defendants as set forth in the Prayer for Relief Below.

WHEREFORE, Plaintiff prays that this Court determine that the obligation from Warner to Balmoral be deemed nondischargeable and further to enter judgment in favor of Plaintiff Balmoral and against Defendant Michael Warner for damages according to proof, as well as any such further relief deemed appropriate.

WILLIAM W. ERHART, P.A.

*Laura Beth Taylor*

Laura Beth Taylor (Atty I.D. # 00592)
800 King Street, Suite 302
Wilmington, Delaware 19801
Attorneys for Balmoral Financial Corp.

Dated: February 13, 2004

OF COUNSEL:

William W. Erhart, Esq.
William W. Erhart, P.A.
800 King Street, Ste. 302
Wilmington, DE 19801
(302) 651-0113
(302) 651-0331 (Facsimile)

# UNITED STATES BANKRUPTCY COURT
# THE DISTRICT OF NEW JERSEY, DISTRICT OF CAMDEN

IN RE                                         :
MICHAEL WARNER                                :
                                              :       Chapter 7
                                              :
                                              :       Case No.: 03-48491-JHW
                                              :
----------------------------------------------:       Adversary Proceeding No.
Balmoral Financial Corporation                :
Plaintiff/Creditor                            :
                                              :
                                              :
         v.                                   :
                                              :
                                              :
Michael Warner,                               :
                                              :
Defendant/Debtor                              :

## CERTIFICATE OF SERVICE

I, Laura Beth Taylor, Esquire, hereby certify that on February 13, 2004, I served one copy of

the foregoing *Complaint to Determine Dischargeability* to the following individuals, in the manner

indicated:

FIRST CLASS MAIL to:

Scott H. Marcus, Esquire
Marcus, Broder, Ahart & Gee
121 Johnson Road
Turnersville, New Jersey 08012

John W. Hargrove, Trustee
Sentry Office Plaza
216 Haddon Avenue
Suite 510
Westmont, New Jersey 08108

                                                        *Laura Beth Taylor*
                                                        Laura Beth Taylor

| B 104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Balmoral Financial Corporation | Michael Warner |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Laura Beth Taylor, Esq.<br>William W. Erhart, P.A.<br>800 King St., Ste. 302, Wilmington, DE 19801 | Scott H. Marcus, Esq.<br>Marcus, Broder, Ahart & Gee<br>121 Johnson Rd., Turnersville, NJ 08012 |

**PARTY** (Check one box only)  ☒ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objection to discharge under 11 U.S.C. Section 523. Complaint to Determine Dischargeability.

### NATURE OF SUIT
(Check the one most appropriate box only.)

☐ 454 To Recover Money or Property
☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)  ☒ 1 Original Proceeding  ☐ 2 Removed Proceeding  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another Bankruptcy Court

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND<br>$ 479,686.29 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND<br>Check only if demanded in complaint |
|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>In re: Michael Warner | BANKRUPTCY CASE NO.<br>03-48491-JHW | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Camden | DIVISIONAL OFFICE<br>Camden | NAME OF JUDGE<br>Judith H. Wizmur |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)  ☐ FEE ATTACHED  ☐ FEE NOT REQUIRED  ☐ FEE IS DEFERRED

| DATE<br>2/13/04 | PRINT NAME<br>Laura Beth Taylor | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>Laura Beth Taylor (#00592) |
|---|---|---|

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

**In the matter of:**                      **Case No.**      03-48491-JHW

Michael Warner          **(Debtor)**

                                             **Adversary No.**

Balmoral Financial Corp     **(Plaintiff)**

v.

Michael Warner          **(Defendant)**

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk | 401 Market Street<br>Camden, NJ 08102 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney<br>Laura Beth Taylor,<br>800 King Street, Suite 302, Wilmington, DE 19801 |
|---|

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address | Room |
|---|---|
| | Date and Time |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                                                               JAMES J. WALDRON
                                                               Clerk of the Bankruptcy Court

                                            By: _____
Date                                                Deputy Clerk

**MEDIATION OF ALL DISPUTES IS ENCOURAGED AND IS AVAILABLE PURSUANT TO D.N.J. LBR 9019-2. THE PRACTITIONER'S GUIDE TO THE MEDIATION PROCESS IS AVAILABLE IN THE BANKRUPTCY COURT CLERK'S OFFICE AND IN EACH COURTROOM. THE GUIDE CONTAINS AN OVERVIEW OF THE MEDIATION PROCESS, SAMPLE FORMS, THE REGISTER OF MEDIATORS AND APPLICABLE LOCAL RULES.**

**WILLIAM W. ERHART, P.A.**
Attorney at Law
800 King Street, Suite 302
P. O. Box 234
Wilmington, DE 19899-0234

*Telephone: (302) 651-0113*
*Telecopier: (302) 651-0331*

William W. Erhart
Laura Beth Taylor*                                                                                           *Admitted in NJ only

February 13, 2004

US Bankruptcy Court
District of New Jersey
401 Market Street
PO Box 2067
Camden, NJ 08101

      RE:    In Re Michael Warner
               Chapter 7 Case No.: 03-48491(JHW)

Dear Clerk:

      Please find enclosed a Complaint to Determine Non-Dischargeability of Debt pursuant to 11 U.S.C. § 523(a) in the above-captioned matter. Enclosed also is the Summons and Pretrial sheet, Civil Cover Sheet and electronic compliance declaration.

      Also enclosed is our check for $150.00 made out to U.S. Bankruptcy Court and an Application for Admission Pro Hac Vice.

      Please contact me if you have any questions.

                                        Very truly yours,

WWE:pll
Enclosures
cc:    Catherine S. Robertson, Esq
        Ms. Maria Lerma (w/o encl.)

---

**UNITED STATES BANKRUPTCY COURT**
District of New Jersey                RECEIPT

| Case # 03-48491 C | Chapter 7 | # 000277055 - HH | |
|---|---|---|---|
| Filed: 11/26/03 | Camden | 10:36 AM, February 17, 2004 | |
| Judge: JHW | | Code    Qty    Amount | |
| Trustee: John Hargrave | | AD      1     $150.00 | |
| Debtor(s): Michael Warner, Dana Warner | | | |

TOTAL PAID: $150.00
From: William W Erhart, Esquire
PO Box 234
Wilmington DE 19899

1