Daniel Gee, Esquire (#4672)
Marcus, Broder, Ahart & Gee
121 Johnson Road
Turnersville, NJ 08012
(856) 227-0800
Attorney for Debtor

FILED
JAMES J. WALDRON, CLERK
APR 1 2004
U.S. BANKRUPTCY COURT
BY _____ DEPUTY

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| IN THE MATTER OF: | : CHAPTER 11 |
|---|---|
| Michael Warner and Dana Warner | : CASE NO. : 03-48491-JHW |
| | : Hearing Date: 4/19/04 |
| Balmoral Financial Corporation, | : Adversary Proceeding No: 04-1274 |
| Plaintiff | : |
| v. | : |
| Michael Warner and Dana Warner | : |
| Defendant | : |

### CERTIFICATION IN SUPPORT OF MOTION
### TO DISMISS ADVERSARY COMPLAINT

I, Daniel Gee, Esquire, being of full age, does hereby certify as follows:

1.  I am an attorney at law in the State of New Jersey and a shareholder in the firm of Marcus, Broder, Ahart & Gee. I am one of the attorneys responsible for the handling of this file and, in such capacity, am fully familiar with the facts herein.

2. I make this Certification in support of Debtors, Michael Warner and Dana Warner ("Debtors") Motion to Dismiss the Adversary Complaint filed by Balmoral Financial Corportion ("Balmoral") against Debtor, Michael Warner, under Case No. 04-1274.

3. The subject matter of this Motion is a core proceeding pursuant to the provisions of 28 U.S.C. §1334 and §157, as well as 11 U.S.C. §523 and §1328.

4. On November 26, 2003, the Debtors filed for relief under Chapter 7 of the Bankruptcy Code. Debtor, Michael Warner scheduled any and all obligations that he may have to Balmoral as an unsecured debt under Schedule F.

5. In connection with the Debtor's bankruptcy filing, the Court established a deadline to file Complaints objecting to discharge of February 20, 2004. Balmoral filed their Adversary Complaint with the Court on or around February 17, 2004 under Case No. 04-1274 (A copy of this Complaint is attached hereto as Exhibit "A").

6. On February 24, 2004, the Debtors executed a Consent Order to convert the above case from a Chapter 7 to a Chapter 13 bankruptcy proceeding. This Consent Order was forwarded to the Court for filing on February 27, 2004. The Debtors' bankruptcy was converted to a Chapter 13 proceeding, via Court Order, on March 2, 2004.

7. In its Adversary Complaint filed against Debtor, Michael Warner, Balmoral alleges that Debtor, Michael Warner, obtained money, property or services by fraud, committed fraud while acting in a fiduciary capacity and failed to turn over collateral pursuant to a Loan and Security Agreement. Balmoral prayed that pursuant to 11 U.S.C. §523, Court enter an Order finding that the alleged debt owed by Defendant, Michael Warner be non-dischargeable.

8. This Adversary Complaint was filed while the Debtors' bankruptcy was proceeding under Chapter 7 of the Bankruptcy Code. However, now that the Debtors'

MARCUS, BRODER, AHART & GEE
ATTORNEYS AT LAW
121 Johnson Road
Turnersville, NJ 08012

bankruptcy has been converted to a Chapter 13 proceeding, any debt that Debtor, Michadel Warner, may be liable to Balmoral for (although same is disputed) would be dischargeable under 11 U.S.C. §1328. 11 U.S.C. §1328(a) states specifically:

> "(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under §502 of this title, except any debt –
>
> (1) provided for under §1311(b)(5) of this title;
>
> (2) of the kind specified in Paragraph (5), (8) or (9) of §523 (a) of this title; or
>
> (3) for restitution, or criminal fine, included in a sentence on the Debtor's conviction of a crime."

The alleged debt complained of by Balmoral in their Adversary Complaint does not fit any of the exceptions stated in §1328 (a).

9. Therefore, based upon these reasons, it is respectfully requested that the Court enter an Order Dismissing the Adversary Complaint of Balmoral against Debtor, Michael Warner.

I certify the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Marcus, Broder, Ahart & Gee
Attorneys for the Debtor

Dated: 3/29/04

By: _____
Daniel Gee, Esquire

MARCUS, BRODER,
AHART & GEE
ATTORNEYS AT LAW
121 Johnson Road
Turnersville, NJ 08012

F:\Clients\warner.michael&dana\cert.doc

EXHIBIT "A"

FILED
JAMES J. WALDRON, CLERK
APR 1 2004
U.S. BANKRUPTCY COURT
CAMDEN, NJ
BY_____ DEPUTY

UNITED STATES BANKRUPTCY COURT
THE DISTRICT OF NEW JERSEY, DISTRICT OF CAMDEN

IN RE
MICHAEL WARNER

Chapter 7

Case No.: 03-48491-JHW

Adversary Proceeding No.

Balmoral Financial Corporation
Plaintiff/Creditor

v.

Michael Warner,

Defendant/Debtor

## COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)

Plaintiff, Balmoral Financial Corporation ("Balmoral"), by and through its attorney, Laura B. Taylor, brings this action against the Debtors and Defendant, Michael Warner ("Debtor"), seeking a determination that certain debts owed by the Debtor to Plaintiff are nondischargeable pursuant to 11 U.S.C. §523 and for other relief. In support of its complaint, Plaintiff states, alleges and complains as follows:

### INTRODUCTION

1. The Debtor filed a voluntary chapter 7 petition on November 26, 2003.

2. Plaintiff files this complaint seeking to except from discharge certain debts pursuant to 11 U.S.C. §§523(a)(2) and 523(a)(4).

### JURISDICTION AND VENUE

3. This adversary proceeding arises in the case of Michael Warner and Dana Warner, No. 03-48491-JHW, now pending in this Court under Chapter 7 of Title 11 of the United States Code. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §523. This is a core proceeding under 28 U.S.C. §157(b)(2)(I).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1409, as this proceeding arises under Title 11 in a case pending in this Court.

**DESCRIPTION OF THE PARTIES**

5. Plaintiff, Balmoral Financial Corporation, is a California corporation with its principal place of business in San Mateo County, California.

6. Defendant, Michael Warner, resides in New Jersey at 1718 Kings Highway, Swedesboro, New Jersey.

7. At all times relevant herein, Debtor, Michael Warner ("Warner") was an officer of J.C. Bennington Company, Inc., ("Bennington") a Delaware corporation authorized to and doing business in the State of Delaware.

**STATEMENT OF THE FACTS**

8. On or about August 7, 2000, Balmoral and Bennington signed and executed an agreement for purchase of accounts (the "Bennington Agreement"), whereby Balmoral, for valuable consideration, purchased accounts receivable of Bennington ("Receivables").

9. A true and correct copy of the Loan and Security Agreement is attached hereto and incorporated herein as Exhibit A.

10. Pursuant to the Loan and Security Agreement, Bennington granted Balmoral a blanket security interest in all of its assets to secure all of Bennington's existing and future obligations to Balmoral. This security interest was perfected pursuant to a UCC-1 Financing Statement filed with the Secretary of State for the State of California. A true and correct copy of the UCC-1 Financing Statement is attached hereto and incorporated herein as Exhibit B.

11. Defendant Michael Warner was responsible for gathering and transmitting the financial information required to be sent from Bennington to Balmoral under the terms of the Bennington Agreement, known as reconciliation reports. Defendant falsified the reconciliation reports from at least June 2001 to January 2002. He spoke regularly to representatives of Balmoral and misrepresented the financial condition of Bennington throughout the same period.

12. Balmoral has performed all of its obligations under the various agreements, including, without limitation providing funding to Bennington.

13. Balmoral is informed and believes and thereon declares that Defendant Michael Warner has converted Balmoral's collateral by selling inventory and equipment outside the ordinary course of business, misrepresenting the validity of receivables, and by willfully soliciting account debtors to pay Bennington directly, even after Balmoral had provided notice of assignment.

14. The terms of the various agreements provide that Bennington will pay to Balmoral all costs and attorneys' fees incurred by Balmoral in the event an action is filed to collect amounts owed under the various agreements. Balmoral has retained various law firms to prosecute various actions and has incurred, and will continue to incur, attorneys' fees and legal costs and Balmoral hereby requests an award of such legal costs and attorneys' fees in addition to all other amounts owed under the various agreements.

15. During January 2002 the Debtor represented to Plaintiff that he agreed to the orderly liquidation of Bennington and to work with Plaintiff to reconcile the account receivables. This representation induced Plaintiff to forbear in immediately foreclosing upon Bennington's assets. Thereafter, the Debtor sold Bennington's assets without Plaintiff's consent. Because of the delay, Plaintiff lost the opportunity to foreclose on the most valuable parts of Bennington's inventory, which Debtor converted to his use.

16. The principal amount due and owing Four Hundred Seventy Nine Thousand Six Hundred Eighty Six Dollars and Twenty Nine Cents ($479,686.29), plus fees at the contractual rate.

## COUNT ONE

### The Debtor Obtained Money, Property, and Services by False Pretenses, False Representations or actual Fraud

17. Balmoral realleges and incorporates herein by this reference each and every paragraph of this Complaint as though fully set forth herein.

18. Pursuant to 11 U.S.C. §523(a)(2)(A), an individual debtor may not be discharged from any debt obtained by false pretenses, a false representation, or actual fraud, other than a

3

statement respecting the debtor's or an insider's financial condition. Pursuant to 11 U.S.C. §523(a)(2)(B), an individual debtor may not be discharged from any debt obtained by the use of a statement in writing, that is materially false, respecting the debtor's financial condition, on which the creditor relied, that the debtor made with intent to deceive.

19. Debtors misrepresentations to Balmoral in the Loan and Security Agreement, as described above, concerning Bennington's financial condition, including assets, liabilities, and income (collectively, the "Financial Misrepresentations"), were materially false.

20. The Financial Misrepresentations were made with an intent to deceive Plaintiff.

21. The Financial Misrepresentations did actually deceive Plaintiff and induced Plaintiff to grant a loan to Debtor and to extend inventory financing to Debtor.

22. Plaintiff actually and justifiably relied upon the Financial Misrepresentations.

23. But for the Financial Misrepresentations, Plaintiff would not have granted Debtor a loan for the inventory and equipment and would not have extended the related financing to Debtor.

24. The Financial Misrepresentations constitute the "use of a statement in writing, that is materially false, respecting the Debtors financial condition, on which the creditor relied, that the Debtor made with an intent to deceive."

25. Accordingly, the debt owed by Debtor to Plaintiff is nondischargeable under 11 U.S.C. §§523(a)(2)(A) and 523(a)(2)(B).

### COUNT TWO

### The Debtor Committed Fraud or Defalcation While Acting In a Fiduciary Capacity

26. Plaintiff realleges and incorporates into this Cause of Action each and every foregoing paragraph of this Complaint as though fully set forth herein.

27. Pursuant to 11 U.S.C. §523(a)(4), an individual Debtor may not be discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."

28. Michael Warner was responsible for administering the Loan & Security Agreement and expressly warranting that all of the Bennington Receivables were genuine and valid, reflected the amount owing by the customer, and were not subject to any defense, offset, credits, deductions or

contra-charge. Michael Warner represented to Balmoral that Bennington would refund all sums disbursed to Bennington as consideration for the purchase of the Receivables if any portion of any invoice was not paid by the account debtor after ninety days, plus Balmoral's earned fee. He further represented that if for any reason the invoice was paid directly to Bennington, Bennington would promptly notify Balmoral of such payment, would hold any checks, drafts or monies so received in trust for Balmoral and promptly endorse, transfer and deliver the same to Balmoral. These representations were in fact false as, among other things, Defendant failed to forward to Balmoral the amounts received from account debtors and refused to refund the sums Balmoral paid as consideration for the purchase for the Receivables. When Defendant made these false and misleading statements, Defendant knew the representations to be false.

29. Debtor made these representations with the intent to defraud Balmoral by inducing Balmoral to loan money under the Loan & Agreement, purchase the Bennington Receivables and make the necessary disbursements to Bennington as required by the Bennington Loan & Security Agreement.

30. Debtor has dissipated the operating cash of Bennington for the payment of personal obligations, leaving it insolvent and unable to service its debt to Plaintiff. Debtor has converted Plaintiff's collateral by misrepresenting the due date of receivables financed by and assigned to Plaintiff, issuing credit memos without Plaintiff's knowledge or permission and misrepresenting the validity of receivables, so that Plaintiff is unsure of what, if any, receivables actually will be paid.

31. As an actual and proximate result of the intentional breach of fiduciary duty and misrepresentations, Plaintiff has suffered direct and consequential damages, in that Plaintiff justifiably relied on the misrepresentations made by Debtor and suffered damages as a result.

32. As an actual and proximate result of the intentional breach of fiduciary duty, Plaintiff has suffered direct and consequential damages.

## COUNT THREE

**The Debtor has failed to turn over to Balmoral its collateral pursuant to the Loan and Security Agreement.**

33. Plaintiff realleges and incorporates into this Cause of Action each and every foregoing paragraph of this Complaint as though fully set forth herein.

34. Defendant stopped the orderly liquidation of Bennington in January 2002 by ordering Balmoral representatives off Bennington's premises and changing the locks. Defendant was responsible for retaining Thomas Crompton who assisted Defendant and others in selling the remaining assets of Bennington and retaining and refusing and failing to account for the proceeds.

35. Balmoral claims it is entitled to a finding of nondischargeability under 523(a)(6) because Defendant failed to turn over proceeds from the sale of the collateral as required by the Agreement.

36. Bennington became in default of the Loan and Security Agreement.

37. Balmoral has a prior perfected security interest in the collateral identified under the UCC-1 Financing Statement. Furthermore, Balmoral has an immediate right to possession of its collateral under the Loan and Security Agreement upon a default.

38. Balmoral believes the Defendant has transferred certain assets subject to Balmoral's security interest for his own benefit.

39. The transferred assets were subject to the perfected interest of Balmoral. At no time has Balmoral granted its consent to the transfer of secured collateral.

40. Defendant has wrongfully taken and disposed of secured collateral subject to the prior perfected security interest of Balmoral with substantial certainty that Balmoral would suffer injury as a result.

41. Defendant willfully and maliciously converted Plaintiff's property when Defendant failed to account for the whereabouts of the collateral that was secured by Plaintiff under the Agreement.

42. Defendant has failed and refused and continues to fail and refuse to pay over to

Balmoral the collateral and proceeds of the collateral, and has converted such amount to his own use.

43. Balmoral has suffered direct and consequential damages as a result of the conversion of its collateral in an amount no less than Four Hundred Seventy Nine Thousand Six Hundred Eighty Six Dollars and Twenty Nine Cents ($479,686.29), plus fees at the contractual rate.

WHEREFORE, Plaintiff Balmoral prays for judgment against Defendants as set forth in the Prayer for Relief Below.

WHEREFORE, Plaintiff prays that this Court determine that the obligation from Warner to Balmoral be deemed nondischargeable and further to enter judgment in favor of Plaintiff Balmoral and against Defendant Michael Warner for damages according to proof, as well as any such further relief deemed appropriate.

                                   WILLIAM W. ERHART, P.A.

                                   */s/ Laura Beth Taylor*
                                   Laura Beth Taylor (Atty I.D. # 00592)
                                   800 King Street, Suite 302
                                   Wilmington, Delaware 19801

Dated: February 13, 2004                Attorneys for Balmoral Financial Corp.

OF COUNSEL:

William W. Erhart, Esq.
William W. Erhart, P.A.
800 King Street, Ste. 302
Wilmington, DE 19801
(302) 651-0113
(302) 651-0331 (Facsimile)